1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ERIC CHATMAN,

                          Plaintiff,

    v.

ENCORE WYNN CASINO, et al.,

                        Defendants.

Case No. 2:18-cv-00427-APG-PAL

**REPORT OF FINDINGS AND
RECOMMENDATION**

(IFP App. – ECF No. 1)

This matter is before the court on Plaintiff Eric Chatman's Application to Proceed *In Forma Pauperis* (ECF No. 1). This application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

Mr. Chatman is a prisoner in the custody of the California Department of Corrections and Rehabilitation. He is proceeding in this action *pro se*, meaning without an attorney. Chatman has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and requested permission to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. §§ 1915 and 1915A. He is no stranger to the federal courts having filed dozens of lawsuits in 2017 and 2018 in California and Nevada. However, on at least three occasions, courts have dismissed civil actions that Chatman commenced while incarcerated as frivolous or for failure to state a claim upon which any relief may be granted.[1]

Federal law provides that a prisoner may not proceed IFP if he has, on three (3) or more prior occasions, filed a federal action or appeal while incarcerated that was "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

---

[1] *See Chatman v. Caesars Palace Co.*, 2:18-cv-00224-RFB-VCF (dismissed with prejudiced for failure to state a claim upon which relief can be granted); *Chatman v. AM/PM*, Case No. 2:18-cv-00451-RFB-CWH, (dismissed with prejudiced as time barred) *Chatman v. Gold Coast Casino*, 2:18-cv-01255-JAD-VCF (dismissed with prejudiced as duplicative and failing to state a claim upon which relief can be granted); *Chatman v. Caesars Palace*, 2:18-cv-01256-RFB-VCF (same); *Chatman v. Stratosphere Hotel & Casino*, 2:18-cv-01511-GMN-NJK (dismissed with prejudice as frivolous and delusional); *Chatman v. AM/PM*, 2:18-cv-01608-GMN-NJK (same). The court takes judicial notice of its records in these cases.

1    28 U.S.C. § 1915(g). Instead, the prisoner must pay the full $400 filing fee in advance unless he

2    is "under imminent danger of serious physical injury." *Id.* Judges in the Southern District of

3    California and the Central District of California have recognized that Chatman has accumulated

4    more than three "strikes" pursuant to § 1915(g).[2]

5    In his proposed complaint (ECF No. 1-1), Mr. Chatman alleges that he was a "well dressed,

6    beautiful guy" who slipped twice as he walked in front of the Encore Casino while a "little drunk."

7    *Id.* at 3–4. He claims the casino installed a "slippery floor marble in front instead of granite,"

8    which caused him to slip twice and could have caused his death. *Id.* at 4. He further alleges he

9    was harassed, "jumped," and kicked out of the casino because he was homeless, a "good gambler,

10    and good looking." *Id.* at 6. Plaintiff seeks relief including, but not limited to, "$980,000,000

11    million lump sum and $580,000,000 in payments after lump sum," four basketball teams, four

12    football teams, four baseball teams, 20 Rolex shops, 20 Denny's restaurants, 50 malls, 25 Ford

13    dealerships, 18 Ferrari dealerships, and 20% of General Electric Company. The court finds that

14    these allegations fail to plausibly allege that Chatman is in imminent danger of serious physical

15    injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception

16    to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent

17    danger of serious physical injury at the time of filing). As such, he must pre-pay the $400.00 filing

18    fee in full.

19    Furthermore, Chatman's allegations do not state a cognizable civil rights claim under 42

20    U.S.C. § 1983. To state a plausible claim under § 1983, a plaintiff must allege (1) his civil rights

21    were violated (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48–

22    49 (1988). Dismissal of a § 1983 claim is proper when "the complaint is devoid of factual

23    allegations that give rise to a plausible inference of either element." *Najfe* v. *Frey*, 789 F.3d 1030,

24    1036 (9th Cir. 2015). Mr. Chatman fails to identify any federal right or name a government actor;

---

25

26    [2] *See, e.g.*, *Chatman v. Toyota Motor Sales, USA*, 3:18-cv-01913-WQH-WVG (S.D. Cal. Oct. 25, 2018) (citing four cases Chatman filed in that district which were dismissed as frivolous, malicious, or failed to state a claim and nine subsequent cases in which he was denied leave to proceed IFP pursuant to § 1915(g));

27    *Chatman v. Kmart Corp.*, 2:18-cv-07232-PA-RAO (C.D. Cal. Aug. 21, 2018) (citing three cases Chatman filed in that district which were dismissed for failure to state a claim and as barred by § 1915(g)'s three strikes provision).

28

thus, he fails to state a claim upon which relief may be granted.  Chatman has filed several previous complaints making similar allegations of personal injury and physical altercations on the Las Vegas strip.  *See, supra*, n.1.  His prior cases were dismissed with prejudice as factually frivolous and delusional, time-barred, and failing to state an actionable claim.  A complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims."  *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).  Here, Chatman's complaint is factually frivolous as it largely repeats allegations courts in this district have previously dismissed.  Because the complaint fails to state a plausible claim and alleging additional facts would not cure the deficiencies, the court finds that amendment would be futile.  *See Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  The court will therefore recommend that the complaint be dismissed with prejudice.

Accordingly,

**IT IS RECOMMENDED** that:

1. Plaintiff Eric Chatman's Application to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED**.

2. The Complaint (ECF No. 1-1) be **DISMISSED** with prejudice.

3. The Clerk of the Court be instructed to enter judgment accordingly.

Dated this 17th day of December, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned District Judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit.  Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment.  *See* Fed. R. App. Pro. 4(a)(1).  Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and

authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 6, 72.  The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b).  The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation.  *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. Pro. 72.